PASQUALE TAMARTINO
*vs.*
AMELIA TAMARTINO

Superior Court      New Haven County      File No. 63904

MEMORANDUM FILED FEBRUARY 13, 1945.

*James A. Morcaldi,* of New Haven, for the Plaintiff.

*DiCenzo and Villano,* of New Haven, for the Defendant.

WYNNE, J.   The trial of this case of necessity revived the situation between the parties that led up to the divorce action that was decided in June of 1940. While the court can understand the feeling on the part of the plaintiff at that time that his burden in bringing up the children was all he could reason-

ably bear, there can be no doubt that his wife had not deserted him in the legal aspect of that term. It was therefore inevitable that the court in 1940 would have to dismiss the complaint on the facts without reference to any statement on defendant's part of willingness to resume the marital status. It is not improbable, however, that the judge at that time exerted himself to bring about a reconciliation between the parties. Be that as it may, the fact remains that there was a fresh start as to legal relationship as of that date. If there was legal desertion thereafter the aggrieved spouse could take advantage of it when the time came.

The court is now called upon to decide whether there was, on July 6, 1940, a refusal on defendant's part to resume the marital status. Whether or not the plaintiff did call upon the defendant, as he says he did, is of no importance. Certainly under the circumstances he was called upon to do more than he did in establishing with finality that the defendant was making a choice to go her way. A hotly contested divorce action had just terminated. Defendant still had counsel. If a decision had been made by her it would have been easy to have had it ratified and established by an interchange of letters between counsel. In 1941 and in 1942 it appears that counsel for plaintiff were communicating with defendant's counsel and were being told that defendant was yielding no rights. This being so it would be doing no violence to the human equation to decide that defendant had wilfully entered upon a desertion. Certainly the court would not be justified in holding that she had, in view of all the surrounding circumstances and the significance of succeeding events. On the contrary, it is clear that defendant, still with benefit of counsel, stood upon the claim that she was the unhappy victim of an illness that had deprived her of home and family and that her husband would have to contribute to her support as best he could. As a human proposition it probably will remain beyond his comprehension but the fact remains that fate, not his wife, has been unkind. Certainly he should not be compelled to pay for defendant's support beyond his means, and certainly only in such amounts as should be realistically fixed by a court if the parties fail to accept the enlightened advice of counsel. Each party has rights and both husband and wife are entitled to sympathetic understanding.

While the conclusion reached has made it unnecessary to pass upon the question of veracity between husband and wife

as to the claimed incident of July 6, 1940, it might be observed that each had at least an equal motive to equivocate. As a matter of fact, in the realm of human psychology a wish is often father to a thought, which dwelt upon, becomes a conviction. Nor does the court find difficulty in the daughter's testimony corroborating the father. The very situation presented is sufficiently unusual to explain why the daughter when called upon to help the only parent she ever really knew, would find it easy to have a suggestion develop into a memory.

The complaint must be, and is dismissed. The hitherto existing order for support should not be considered in any way a criterion for future orders.